**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. ___23-cr-20264-DPG___

**UNITED STATES OF AMERICA**

v.

**ARMANDO HERRERA,**

Defendant.

_____/

## AGREED FACTUAL BASIS FOR GUILTY PLEA

Defendant Armando Herrera (hereinafter referred to as the "Defendant") hereby acknowledges and agrees that, if this case were to go to trial, the United States would establish and prove the following facts beyond a reasonable doubt and hereby waives any protections afforded by Rule 410 of the Federal Rules of Evidence related to the facts below:

From in or around January 2019, and continuing through in or around November 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the Defendant knowingly and willfully combined, conspired, confederated, and agreed with others, in violation of Title 18, United States Code, Section 371, to, with the intent to defraud and mislead, introduce and deliver for introduction into interstate commerce, and cause to be introduced and delivered for introduction into interstate commerce, adulterated and misbranded drugs, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

The term "prescription drug diversion" referred to the various ways in which prescription drugs were removed from regulated distribution channels and subsequently reintroduced into the wholesale marketplace. Common methods of prescription drug diversion included acquiring the drugs illegally from individual patients for whom the prescription drugs had been prescribed and dispensed but intentionally not consumed. These diverted drugs were then reintroduced into the wholesale marketplace with false documentation concealing their true source and eventually resold to individual consumers by pharmacies. The false documentation accompanying the sale of diverted drugs included product tracing information, which consisted of transaction information, transaction history, and a transaction statement. The product tracing information identified, among other things, the product, the quantity, the lot number, strength and dosage, the date of each sale, and the parties to each transaction. Such product tracing information was commonly referred to in the industry as "T3s" or "pedigrees."

Titan Distribution & Services LLC, LE Marketing Solutions Inc., Golden Business Consulting Corp., Tidy Garages LLC, Rapid's Tex Whole Sale, Invicta Wholesale Supply, LLC, and Omom Pharmaceuticals, Inc. (collectively, the "Drug Diversion Companies") were companies located in Florida, Texas, Washington, and California that purported to sell, or were used in the scheme to purportedly sell, legitimate prescription drugs, including expensive HIV medication, to wholesale distributors of pharmaceutical products. In reality, the Defendant and his co-conspirators engaged in prescription drug diversion, aggregating large quantities of prescription HIV medication and other expensive prescription drugs, and used the Drug Diversion Companies to sell these diverted, adulterated, and misbranded drugs to Wholesale Company 1 and Wholesale Company 2.

The Defendant helped carry out the conspiracy by acquiring and distributing these

diverted, adulterated, and misbranded drugs. For example, during a seizure at the Defendant's residence, agents discovered a packing list identifying brand name antiviral prescription medication, with listed expiration dates and lot numbers, as well as handwritten notes concerning these drugs. The Defendant's phone also contained messages from an unidentified individual identifying which prescription branded medications were available at what volumes and the discounted prices for the diverted drugs.

In total, between in or around January 2019, and continuing through in or around November 2021, the Defendant and his co-conspirators were paid between $16.7 million and $25 million by Wholesale Company 1 and Wholesale Company 2 for the unlawful distribution of diverted, adulterated, and misbranded drugs by the Drug Diversion Companies.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning the criminal activity in which I and others were engaged. I make this statement knowingly and voluntarily because I am in fact guilty of the crimes charged.

Date: 2/7/23                                  By: _____

                                              **ARMANDO HERRERA**
                                              Defendant


Date: 02/16/2023                              By: _____

                                              DAVID MACEY
                                              Counsel for Defendant


Date: 3/20/2023                               By: _____

                                              ALEXANDER THOR POGOZELSKI

                                              Trial Attorney

                                              Fraud Section, Criminal Division

                                              U.S. Department of Justice